[No. 36954. Department Two. September 3, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. LESLIE B. RIGGINS, *Appellant.**

*Sullivan, Redman & Winsor* and *Miracle, Treadwell & Pruzan,* by *Lawrence L. Shafer,* for appellant.

*Charles O. Carroll* and *William L. Kinzel,* for respondent.

DONWORTH, J.—Leslie B. Riggins appeals from a conviction on the fourth of four counts charging him with armed robbery on which he was tried simultaneously.

*Reported in 395 P. (2d) 85.

The information charged appellant and one Johnson (and others) with the commission of four such robberies in Seattle between June 22, 1962, and July 7, 1962. At the trial, Johnson testified for the state admitting his part in each robbery and implicating appellant therein. Appellant was the only defendant who was tried on these charges. He took the stand in his own defense and denied that he had taken part in any of the alleged robberies.

The jury returned a verdict as follows: Not guilty on count 2, guilty on count 4, and that they were unable to agree on a verdict as to counts 1 and 3. The jury also returned a special verdict as to count 4, that appellant was armed with a deadly weapon at the time of the commission of the offense charged.

Appellant was sentenced to a maximum term of 35 years' imprisonment in the state penitentiary upon his conviction on count 4. After his motion for new trial was denied, appellant appealed to this court. His trial counsel's request to then withdraw from the case was granted and the trial court appointed his present counsel to represent him in this court.

Appellant's first assignment of error is as follows:

"The trial court erred in admitting two guns into evidence after holding that the defendant had no standing to claim the privilege against unreasonable searches and seizures guaranteed by the Fourteenth Amendment to the United States Constitution."

In order to understand the problem presented, it is necessary to state the circumstances regarding appellant's arrest and a confinement prior to trial.

August 4, 1962, appellant was riding in an automobile with three other Negro men and a white girl. The car was owned by appellant's brother (who was not in the car) and was being driven by Johnson with permission of the owner. The Seattle police stopped the car and arrested the driver for twice failing to signal before making a turn and for failing to produce a valid driver's license. The arresting officer testified at the trial that when he stopped the vehicle he believed the driver was wanted for a parole violation.

All five occupants of the car were arrested without a warrant and taken to jail. The automobile was impounded.

The next day the police went to the garage where the automobile was stored after being impounded and searched the vehicle without a search warrant. As a result of their search, the police discovered two revolvers hidden under the dash of the car. A day or so later, the police questioned appellant and Johnson separately about certain robberies which had occurred in Seattle about a month prior to their arrest. Johnson confessed to participating in the robberies and implicated appellant as having been a participant and was promised immunity from prosecution. Appellant refused to give the police any information.

On November 2, 1964 (which was nearly three months after his arrest and the search of the car), appellant was charged jointly with Johnson (the driver of the car) with four counts of robbery.

At appellant's trial, the two revolvers obtained by the police in the search of the driver's automobile were admitted in evidence. Appellant's counsel moved to suppress them as evidence and also objected to their admission in evidence on the ground that they were obtained as the result of an illegal search and seizure following an illegal arrest. The trial court denied appellant's motion to suppress the evidence and overruled his objection, stating that, while the arrest was illegal, the search and seizure were not, because appellant was not the owner of the car and could not assert the claim of illegal search and seizure.

We agree with the trial court that appellant's arrest was illegal. He had not committed any offense in the presence of the arresting officer nor did the officer have reasonable grounds to believe that a felony had been committed at the time the car in which appellant was riding was stopped. This brings us directly to the question of whether the trial court erred in admitting the two revolvers when offered in evidence.

We think that the issue involved in the present case has been decided in the recent case of *Preston v. United States*, 376 U. S. 364, 11 L. Ed. (2d) 777, 84 S. Ct. 881 (1964), where

a very similar factual situation was presented.[1] In that case, the petitioner was arrested for vagrancy about 3 o'clock in the morning while being seated in a parked automobile with two companions, one of whom owned the vehicle in which they were sitting. They had been parked in the same place for 5 hours and their explanation for their presence was deemed by the arresting officers to be unsatisfactory and evasive. The automobile was impounded and placed in a garage. Soon after the men were booked at the police station, the police searched the vehicle without a search warrant and discovered two loaded revolvers in the glove compartment. Thereafter, one of the petitioner's companions confessed to the police that he and some other men were intending to rob a bank in a nearby town. Petitioner was charged and tried in the federal district court for conspiracy to rob a federally insured bank, and the two revolvers were introduced in evidence over his objection. On appeal, petitioner claimed error in the introduction of the two revolvers. The Supreme Court stated it need not determine whether the arrest was legal because it concluded that the search and seizure were invalid under the fourth amendment to the United States Constitution. Since we deem this decision binding upon us, we quote from it at some length as follows:

"The Amendment provides:

" 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'

The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers. *Elkins v. United States*, 364 U. S. 206 (1960). Our cases make it clear that searches of motorcars must meet the test of reasonableness under the Fourth Amendment before evi-

---

[1]This case was decided after the oral argument of the instant case in this court and, of course, was not available for consideration at the time of the trial.

dence obtained as a result of such searches is admissible. *E. g., Carroll v. United States,* 267 U. S. 132 (1925); *Brinegar v. United States,* 338 U. S. 160 (1949). Common sense dictates, of course, that questions involving searches of motorcars or other things readily moved cannot be treated as identical to questions arising out of searches of fixed structures like houses. For this reason, what may be an unreasonable search of a house may be reasonable in the case of a motorcar. See *Carroll v. United States, supra,* 267 U. S., at 153. But even in the case of motorcars, the test still is, was the search unreasonable. Therefore we must inquire whether the facts of this case are such as to fall within any of the exceptions to the constitutional rule that a search warrant must be had before a search may be made.

"It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. *Weeks v. United States,* 232 U. S. 383, 392 (1914); *Agnello v. United States,* 269 U. S. 20, 30 (1925). This right to search and seize without a search warrant extends to things under the accused's immediate control, *Carroll v. United States, supra,* 267 U. S., at 158, and, to an extent depending on the circumstances of the case, to the place where he is arrested, *Agnello v. United States, supra,* 269 U. S., at 30; *Marron v. United States,* 275 U. S. 192, 199 (1927); *United States v. Rabinowitz,* 339 U. S. 56, 61-62 (1950). The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime —things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest. *Agnello v. United States, supra,* 269 U. S., at 31. Here, we may assume, as the Government urges, that, either because the arrests were valid or because the police had probable cause to think the car stolen, the police had the right to search the car when they first came on the scene. But this does not decide the question of the reasonableness of a search at a later time and at another place. See *Stoner*

*v. California, post,* p. 483. The search of the car was not undertaken until petitioner and his companions had been arrested and taken in custody to the police station and the car had been towed to the garage. At this point there was no danger that any of the men arrested could have used any weapons in the car or could have destroyed any evidence of a crime—assuming that there are articles which can be the 'fruits' or 'implements' of the crime of vagrancy. Cf. *United States v. Jeffers,* 342 U. S. 48 51-52 (1951). Nor, since the men were under arrest at the police station and the car was in police custody at a garage, was there any danger that the car would be moved out of the locality or jurisdiction. See *Carroll v. United States, supra,* 267 U. S., at 153. We think that the search was too remote in time or place to have been made as incidental to the arrest and conclude, therefore, that the search of the car without a warrant failed to meet the test of reasonableness under the Fourth Amendment, rendering the evidence obtained as a result of the search inadmissible." (p. 366)

We think that the decision in the *Preston* case is controlling on the issue presented in this case because the decision of the United States Supreme Court, in *Mapp v. Ohio,* 367 U. S. 643, 6 L. Ed. (2d) 1081, 81 S. Ct. 1684, 84 A.L.R. (2d) 933 (1961), held that the fourth amendment to the United States Constitution is applicable to state action.[2]

■ In the case at bar, the search was not incident to a lawful arrest nor was the search itself valid because it took place the next day after the arrest without a search warrant and did not purport to be incident to a lawful arrest. The two revolvers were obtained as the result of an unlawful search and seizure and, therefore, appellant's motion to suppress should have been granted. Since the trial court erroneously admitted the revolvers in evidence, the judgment and sentence of the trial court must be reversed and a new trial granted.

---

[2]Later decisions of the Supreme Court discussing the subject of unreasonable search and seizure are: *Wong Sun v. United States,* 371 U. S. 471, 9 L. Ed. (2d) 441, 83 S. Ct. 407 (1963); *Ker v. California,* 374 U. S. 23, 10 L. Ed. (2d) 726, 83 S. Ct. 1623 (1963); Aguilar v. Texas, 378 U. S. 108, 12 L. Ed. (2d) 723, 84 S. Ct. 1509 (1964).

In view of our disposition of this case, we find it unnecessary to discuss appellant's two other assignments of error.

Reversed and remanded.

OTT, C. J., WEAVER and HAMILTON, JJ., and RUMMEL, J. Pro Tem., concur.